IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JONATHAN JAY HILL                  :
                                   :
                                   :
    v.                             :   Civil Action No. DKC 15-1027
                                   :
CAROLYN W. COLVIN                  :
                                   :

**MEMORANDUM OPINION**

This case was referred to Magistrate Judge Thomas DiGirolamo for pretrial management and a Report and Recommendation for disposition, which Judge DiGirolamo issued on June 8, 2016. (ECF No. 22). Plaintiff Jonathan Jay Hill ("Plaintiff") filed an objection to the Report and Recommendation. (ECF No. 25). For the following reasons, Plaintiff's objection will be overruled, and the Report and Recommendation will be adopted.

**I.  Background**

Additional factual background may be found in the Report and Recommendation. (ECF No. 22, at 2-9). Plaintiff suffered a cerebrovascular accident, or a stroke, on May 19, 2012, which Plaintiff contends prevented him from working. (*Id.* at 3). Plaintiff protectively filed for disability insurance benefits and supplemental security income on May 29, 2013. After his application was denied initially and on reconsideration,

Plaintiff requested a hearing before an administrative law judge ("ALJ").  Following the hearing, the ALJ issued a decision finding that Plaintiff was not disabled under the definitions of the Social Security Act.  (ECF No. 11-3, at 21-31).  Plaintiff's request for review from the appeals council was denied, and the ALJ's decision became the final decision of the Commissioner.

On April 10, 2015, Plaintiff filed a complaint in this court seeking review of the ALJ's decision.  (ECF No. 1). Plaintiff moved for summary judgment or, in the alternative, to remand.  (ECF No. 17).  Defendant Carolyn W. Colvin ("Defendant") filed a motion for summary judgment (ECF No. 18), and Plaintiff responded (ECF No. 21).  On June 8, 2016, Judge DiGirolamo issued a Report and Recommendation recommending that this court grant Defendant's motion, deny Plaintiff's motion, and affirm the ALJ's decision.  (ECF No. 22).  On June 24, Plaintiff filed an objection to the Report and Recommendation (ECF No. 25), and Defendant responded (ECF No. 28).  Plaintiff argues that Judge DiGirolamo did "not address at all the ALJ's failure to consider" certain medical entries in the record. (ECF No. 25, at 8).

**II.  Standard of Review**

    **A.  Review of Magistrate Judge's Report and Recommendation**

Pursuant to 28 U.S.C. § 636, a district judge may designate a magistrate judge to conduct hearings and report proposed

findings of fact and recommendations for action on a dispositive motion.  Thereafter,

> A party who is aggrieved by a magistrate judge's report and recommendation as to a dispositive motion must file "specific written objections to the proposed findings and recommendations" within fourteen days. Fed.R.Civ.P. 72(b)(2). The district judge must then "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3).  But, the Court "need only conduct a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which objection is made." *Chavis v. Smith*, 834 F.Supp. 153, 154 (D.Md. 1993).  As to those portions of the report for which there is no objection, the district court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315-16 (4th Cir. 2005) (quoting Fed.R.Civ.P. 72 advisory committee note), *cert. denied*, 546 U.S. 1091 (2006).

*Baltimore Line Handling Co. v. Brophy*, 771 F.Supp.2d 531, 534-35 (D.Md. 2011).  Here, Plaintiff's objection contends:

> Respectfully, the Magistrate Judge's Report and Recommendation fails to address Plaintiff's primary argument that the ALJ decision failed to consider numerous critical pieces of medical evidence and explain how, if at all, that evidence was evaluated in concluding that the opinion of treating psychiatrist Milan Joshi, M.D.'s opinion was entitled to "no weight" and that "the medical evidence . . . does not substantiate disabling limitations."  In particular, the Magistrate Judge's Report and Recommendation simply addresses the medical evidence in general terms without

3

>considering any specific medical entries ignored by the ALJ's decision.

(ECF No. 25, at 1). In short, Plaintiff argues that the ALJ impermissibly ignored pieces of material evidence regarding his medical condition. Thus, the undersigned will conduct a *de novo* review of the portions of the Report and Recommendation regarding the ALJ's assessment of evidence. The remaining sections of the Report and Recommendation will be assessed for clear error.

### B. Federal Court Review of ALJ Decision

The United States Court of Appeals for the Fourth Circuit recently summarized the standard of review courts use when reviewing an ALJ's decision in a Social Security case:

>Our review of the decision of the [ALJ] in an action involving disability benefits is quite limited. We must uphold the ALJ's factual findings if they are supported by substantial evidence and reached by applying the correct legal standard. *Hancock v. Astrue,* 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted) (quotation marks omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Smith v. Chater,* 99 F.3d 635, 638 (4th Cir. 1996).
>When we review whether substantial evidence supports the findings of the ALJ, "we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Johnson v. Barnhart,* 434 F.3d 650,

> 653 (4th Cir. 2005) (internal citations and quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant . . . is disabled, the responsibility for that decision falls on [the ALJ]." *Craig*, 76 F.3d at 589. "[T]he substantial evidence standard 'presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.'" *Clarke v. Bowen*, 843 F.2d 271, 272–73 (8th Cir. 1988) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)) (internal citation omitted).

*Dunn v. Colvin*, 607 F.App'x 264, 266 (4th Cir. 2015) (omissions and alterations in original).

**III. Analysis**

Plaintiff contends that the Report and Recommendation does not adequately address the ALJ's alleged failure to consider certain medical entries, which Plaintiff believes establishes he was disabled. (*See* ECF No. 25, at 8). Specifically, Plaintiff objects to the fact that the ALJ "afford no weight" to an assessment made by Dr. Milan Joshi, who averred that Plaintiff was unable to function at work from January to July 2013. (*Id.* at 3). In his decision, the ALJ explained:

> The undersigned afforded no weight to Dr. Joshi's assessment, as it is not consistent with the medical evidence of record or Dr. Joshi's own treatment notes. For example, in January 2013, Dr. Joshi assigned the claimant a [global assessment of functioning ("GAF")] score of 75, which represents no

>  more than a slight impairment in social, occupational, or school functioning, with transient and expectable reactions to psychological stressors if symptoms are present. The claimant's score on the Mini-mental state examination during that time period was 30/30, suggesting normal cognition. Dr. Joshi's notes from that time-period state that the claimant was much improved on his current medications. In March 2013, Dr. Joshi assigned the claimant a GAF score of 65, which represents only some mild symptoms or some difficulty in social, occupational, or school functioning, but generally functioning pretty well. In July 2013, Dr. Joshi assigned the claimant a GAF score of 60, which represents moderate symptoms or moderate difficulty in social, occupational, or school functioning, but this is the same month that the claimant felt well enough to begin part-time work, as discussed above.

(ECF No. 11-3, at 28 (citations omitted)). The ALJ then discussed other medical and opinion evidence, determining that Plaintiff "had the residual functional capacity to perform sedentary work . . . except [Plaintiff] can occasionally climb ramps, stairs, ropes, ladders, and scaffolds, balance, stoop, kneel, crouch, and crawl; and he is limited to simple, routine, repetitive tasks with no production rate for pace of work." (*Id.* at 25-29).

Plaintiff contends that the "ALJ's decision fails to mention or consider in any way" some of Dr. Joshi's notes. (*See* ECF No. 25, at 4-5). For example, Dr. Joshi noted that Plaintiff was depressed and asserted that he was "not back to

6

his baseline level of functioning" and did not go on a family vacation because "he did not want to deal with people." (*Id.* at 5). Moreover, according to Plaintiff, the ALJ failed to consider several pieces of evidence regarding Plaintiff's mental and cognitive difficulties, including those that indicate that Plaintiff suffered from at least a "mild cognitive-communication deficit." (*Id.* at 5-7). Plaintiff argues that such pieces of evidence "are supportive of Dr. Joshi's assessment. They also weigh against the conclusion in the ALJ's decision that 'the medical evidence . . . does not substantiate disabling limitations.'" (*Id.* at 7 (quoting ECF No. 11-3, at 27)).

A review of the record shows that the ALJ's decision was based on "substantial evidence" and should be afforded deference. *See Dunn*, 607 F.App'x at 271 ("We must defer to the ALJ's assignments of weight unless they are not supported by substantial evidence.").

> While the Commissioner's decision must "contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based," 42 U.S.C. § 405(b)(1), "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).

*Reid v. Commissioner of Social Sec.*, 769 F.3d 861, 865 (4th Cir. 2014). As Judge DiGirolamo noted, the ALJ described with

7

particularity the reasons why he gave Dr. Joshi's opinion no weight, most notably that it was contradicted by more persuasive evidence. (ECF No. 22, at 18-19); *see Craig*, 76 F.3d at 590 ("[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.").

Plaintiff has not articulated, beyond merely listing the pieces of evidence he believes the ALJ failed to consider, how such evidence would have changed the decision. That is, Plaintiff has not shown that the purported unconsidered evidence so undermines the evidence cited in the decision as to put into question whether the ALJ's decision was supported by substantial evidence. *See Dunn*, 607 F.App'x at 271 ("Simply stated, there is more than a 'scintilla of evidence' in the record supporting the ALJ's conclusion that Dr. Swing's opinion is incongruent with both his own treatment notes and some of the other medical evidence in the record."). Much of the evidence that Plaintiff contends went unconsidered by the ALJ suggests "mild" or "occasional" lapses in Plaintiff's progress. (*See* ECF No. 25, at 5-7). Such evidence is countered by substantial evidence showing continued progress and increased functionality, as discussed by the ALJ. (ECF No. 11-3, at 27-29). Moreover, as in *Reid*, the ALJ "stated that the whole record was considered,

8

and absent evidence to the contrary, [the court] take[s] [him] at [his] word." *Reid*, 769 F.3d at 1211.

Finally, the two cases Plaintiff cites in his brief do not counsel a different outcome. In *Fox v. Colvin*, 632 F.App'x 750, 751 (4th Cir. 2015), the Fourth Circuit directed that the district court remand the case for further proceedings because the ALJ's opinion "failed to provide sufficient reasoning to allow for meaningful judicial review." Unlike here, however, the ALJ in *Fox* "fail[ed] to provide any explanation" for his determination and made only "a cursory and conclusory analysis" without providing "any reason" for his decision. *Id.* at 756. The Fourth Circuit noted:

> When denying an application, "[T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."

*Id.* (quoting SSR 96-2p, 61 Fed.Reg. 34,490, 34,492 (July 2, 1996)). Similarly, in *Raeke v. Commissioner, Social Sec.*, No. GLR-15-1726, 2016 WL 892856, *2 (D.Md. Mar. 9, 2016), Magistrate Judge Stephanie A. Gallagher held that the ALJ's decision lacked the required specificity. In *Raeke*, the ALJ gave less weight to a physician's opinion because the opinion was contrary to his

9

treatment notes. Judge Gallagher held that the treatment notes actually were unclear and "could be deemed to support either position." *Id.* Judge Gallagher recommended remanding the case because the ALJ failed to cite specific evidence undermining the physician's opinion beyond the incomplete reference to the treatment notes. *Id.* Here, on the other hand, the ALJ based his determination not only on Dr. Joshi's treatment notes, but also on several pieces of other evidence that undermine Dr. Joshi's opinion. Unlike in *Fox and Raeke*, the ALJ has put forth numerous specific reasons for his determination. Accordingly, Plaintiff's objection to the Report and Recommendation is overruled. Because a review of the record indicates that there is no clear error in the portions of the Report and Recommendation to which Plaintiff did not object, the Report and Recommendation will be adopted in its entirety.

## IV. Conclusion

For the foregoing reasons, the court will overrule Plaintiff's objection and adopt the Report and Recommendation by separate order.

                                                      /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge